1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| KASH REGISTER, | ) | CASE NO. CV 14-04568 JAK (SJH) |
| | ) | |
| Plaintiff, | ) | **DISCOVERY MATTER** |
| vs. | ) | **[Hon. Stephen J. Hillman]** |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| CITY OF LOS ANGELES, ET AL, | ) | **REGARDING DISTRICT ATTORNEY** |
| | ) | **NOTES** |
| Defendants. | ) | |
| | ) | |
| | ) | |

WHEREAS the parties agree that a stipulation is appropriate under Federal Rule of Civil Procedure 26(c) to govern the use of information produced in this action which the County of Los Angeles contends is confidential and qualifiedly privileged;

WHEREAS the parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles;

WHEREAS the party that designates information or items for protection

1

**Stipulated Protective Order**

under this Order agrees to take care to limit any such designation to specific material that qualifies under the appropriate standards so that material for which protection is not warranted are not swept unjustifiably within the ambit of this Order;

 IT IS HEREBY STIPULATED by and between the parties through their respective counsels of record:

 1. The following information in the file of the LOS ANGELES COUNTY DISTRICT ATTORNEY ("DA") shall be deemed confidential and/or qualifiedly privileged for purposes of this stipulation: handwritten notes concerning the prosecution of Kash Register in People of the State of California vs. Kash Register, including but not limited to notes concerning the strength of evidence against Register, trial notes, notes concerning Officer Zolkowski, Renee Sasson, opening statement, cross-examination of Sasson, notes concerning the 1533 motion, notes concerning the dying declaration exception, notes regarding the 187 motion, notes concerning witness testimony and potential witnesses, and a special circumstances/death penalty memorandum.

  a. The parties to this protective order recognize that certain handwritten notes were in fact turned over to Mr. Register's counsel during Mr. Register's habeas proceedings. Nothing in this protective order will impact the non-confidentiality of those notes.

 2. Good cause exists for the issuance of a protective order pursuant to Federal Rule of Civil Procedure Section 26(c) to facilitate the production of documents and information responsive to the subpoena requests of Plaintiff KASH REGISTER ("Plaintiff") and to balance the protections of the privileges asserted by the DA in response to PLAINTIFF's subpoena.

 3. The information and/or documentation referred to in paragraph 1 Above, subject to the exception referred to in paragraph 1(a), will be referred to collectively as the "CONFIDENTIAL INFORMATION." The Court orders that the

CONFIDENTIAL INFORMATION be released to PLAINTIFF's counsel for purposes of litigation in this matter. The parties and their respective counsel hereby stipulate that the CONFIDENTIAL INFORMATION shall be used in this litigation as follows:

    a. CONFIDENTIAL INFORMATION and the information contained therein shall be used solely in connection with this litigation and the preparation of this case, or any related appellate proceeding, and not for any other purpose, including any other litigation or administrative proceedings.

    b. CONFIDENTIAL INFORMATION produced in this action may be designated by DA by marking each page of the document(s) designated with a stamp stating "CONFIDENTIAL;"

    c. Under no circumstances shall the CONFIDENTIAL INFORMATION, or the information contained therein, be retained, compiled, stored, used as a database, or disseminated by Plaintiff, in any form, except for purposes of this litigated matter in accordance with this Protective Order or by further order of the court;

    d. DA reserves all objections as stated in its original response to the subpoena request submitted by Mr. Register;

    e. CONFIDENTIAL INFORMATION and the information contained therein may not be disclosed, except as set forth in paragraph 2(f) below;

    f. CONFIDENTIAL INFORMATION and the information contained therein may only be disclosed to the following persons:

        a. Counsel for PLAINTIFF,

        b. PLAINTIFF himself,

        c. Paralegal, law clerk, stenographic, clerical and secretarial

personnel regularly employed by counsel for PLAINTIFF,

d. Investigators or experts hired by counsel for PLAINTIFF in connection with this case,

e. Any party or witness offering testimony in this case, either by deposition or at trial, including in preparation for or during the course of their testimony,

f. Court personnel, including stenographic reporters, necessary for the preparation and processing of this action,

g. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, and

h. Any individual approved by the Court;

g. CONFIDENTIAL INFORMATION shall not be divulged to any other person or entities including the print, radio, or television media;

h. CONFIDENTIAL INFORMATION shall not be posted on the internet or any website;

i. If CONFIDENTIAL INFORMATION is included in any papers to be filed in Court, and the parties shall comply with Local Rule 79-5. CONFIDENTIAL INFORMATION may only be filed under seal pursuant to a court order authorizing the sealing of the specific CONFIDENTIAL INFORMATION at issue; good cause must be shown in the request to file under seal. If a Party's request to file CONFIDENTIAL INFORMATION under seal is denied by the Court, then the Receiving Party may file the information in

j. the public record unless otherwise instructed by the Court;

k. In the event that any of the CONFIDENTIAL INFORMATION is

used in any Court proceeding in this action, it shall not lose its confidential status through such use, and the party using CONFIDENTIAL INFORMATION shall take all reasonable steps to maintain its confidentiality during such use; and

l. Nothing in this stipulation shall prevent authorized government officials for the DA from having access to the documents if they had or have access in the normal course of their job duties;

4. PLAINTIFF, PLAINTIFF's Counsel, the DA and DA's Counsel shall cause the substance of this Protective Order to be communicated to, and shall obtain agreement to abide by the Protective Order from, each person to whom CONFIDENTIAL materials are revealed in accordance with this Order.

5. Any party may object to a designation of documents or information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by serving a written objection upon the Designating Party within a period of time reasonable under the circumstances. The Designating Party shall notify the objecting party in writing of the bases for the asserted designation within ten (10) calendar days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) calendar days after the objecting party has received the notice of the bases for the asserted designation. The Objecting Party has the burden to move the Court for an order removing such a designation within a reasonable period of time after conferring with the Designating Party. The burden of persuasion in any such challenge proceeding, however, shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, until the Court issues a ruling on any motion or application filed under this section, the parties shall treat

the information or materials in question as Confidential Material pursuant to the designation given.

6. After completion of the judicial process in this case, including any appeals or other termination of this litigation, all CONFIDENTIAL INFORMATION received under the provisions of this Order and copies thereof shall be destroyed or returned to the attorneys of record for the DA, Collins Collins Muir + Stewart, LLP, 1100 El Centro Street, South Pasadena, CA 91030. The provisions of this Order shall be in effect until further order of this Court.

7. Any counsel, expert, or consultant retained in this case, or investigator retained by counsel for any party in this case, shall not disclose the CONFIDENTIAL INFORMATION in any other court proceeding subject to further order of this Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  March 6, 2015          COLLINS COLLINS MUIR + STEWART LLP

By: _____
JESSICA J. MEAD

**Tomas A. Guterres, Esq. (State Bar No. 152729)**
**Eric C. Brown, Esq. (State Bar No. 170410)**
COLLINS COLLINS MUIR + STEWART LLP
1100 El Centro Street
South Pasadena, CA  91030
(626) 243-1100 – FAX (626) 243-1111
Email: tguterres@ccmlaw.com
Email: ebrown@ccmslaw.com

Attorneys for Respondent
LOS ANGELES COUNTY DISTRICT

|   |   |
|---|---|
| 1 | ATTORNEY'S CUSTODIAN OF RECORDS |
| 2 | |
| 3 | |
| 4 | DATED: March 6, 2015     NEUFELD SCHECK & BRUSTIN, LLP |

By:  /s/ Farhang Heydari
FARHANG HEYDARI,
 appearance *pro hac vice*

**KEVIN LAHUE**, State Bar No. 237556
Email: klahue@kmbllaw.com
KAYE, MCLANE, BEDNARSKI & LITT, LLP
234 East Colorado Boulevard, Suite 230
Pasadena, California 91101
Phone: (626) 844-7660   Fax: (626) 844-7670

**BARRY SCHECK**, State Bar No. 62646
**NICK BRUSTIN**, appearance *pro hac vice*
**ANNA BENVENUTTI HOFFMANN**, appearance *pro hac vice*
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
Phone: (212) 965-9081   Fax: (212) 965-9084

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: March 17, 2015

_[signature: Stephen J. Hillman]_
_____
Hon. Stephen J. Hillman
United States Magistrate Judge

# EXHIBIT "A"

AGREEMENT CONCERNING MATERIAL COVERED BY AN ORDER ENTERED IN THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:

The undersigned hereby acknowledges that he or she has read the attached Protective Confidentiality Order entered in the United States District Court, Central District of California, in and for the Los Angeles County District Attorney's Custodian of Records, on _____, 2015, in Action No. CV 14-04568 JAK (SJH), entitled *Kash Register v. City of Los Angeles, Et Al.*, and understands the terms thereof and agrees to be bound thereby.

The undersigned specifically agrees (a) not to disclose any "Confidential Matter" which is disclosed to the undersigned pursuant to the Protective Confidentiality Order to any third persons, (b) that the communication of said information to the undersigned was necessary for purposes of the above-mentioned lawsuit, (c) that any such "Confidential Matter" will not be used by the undersigned for any purpose not directly related to the litigation, and (d) that the Court in the above referenced action shall have continuing jurisdiction to enforce the Protective Confidentiality Order during and after the conclusion of the above referenced action.

_____
Signature

_____
Type or Print Name

_____
Party with whom Associated

_____
Relationship to Party